UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| MYRTLE SHOUPE HARRIS and EDDIE SMITH, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. 6:04-146-DCR |
| V. | ) ) |
| DEUTSCHE BANK NAT'L TRUST CO., f/k/a BANKERS TRUST CO. OF CA, N.A., as custodian or trustee c/o CHASE MANHATTAN MORTGAGE CORP., J.P. MORGAN CHASE, LIBERTY MUTUAL FIRE INSURANCE CO., and CRAWFORD & COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| CHASE MANHATTAN MORTGAGE CORP. and J.P. MORGAN CHASE, | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| Defendants and Third Party Plaintiffs, | ) ) ) |
| V. | ) ) |
| PRUDENTIAL CALIFORNIA REALTY, | ) ) |
| Third Party Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Myrtle Shoupe Harris and Eddie Smith filed this action in the Clay Circuit Court following a March 31, 2003, fire that destroyed their residence. According to the Plaintiffs, the fire spread from an earlier and equally unexplained fire on an adjacent property which is currently owned by Defendant Deutsche Bank National Trust Co. Following removal

-1-

to this Court, an Amended Complaint was filed and additional parties substituted and added as Third Party Defendants. The matter is currently pending for consideration of a motion for summary judgment filed by Defendants Deutsche Bank, J.P. Morgan Chase, and Chase Manhattan Mortgage Corporation.[1] [Record No. 43]

The Defendants' motion for summary judgment was filed December 23, 2006. In support, the Defendants assert that judgment should be entered in their favor because the Plaintiffs are unable to explain or establish a nexus between the fire occurring on the Defendant's property and destruction of their residence which occurred several hours after the first fire was extinguished by the local fire department. The Plaintiffs have failed to respond as of this date. After reviewing the memorandum filed in support of the Defendants' motion, the Court concludes that there are no material issues of fact and that the Defendants are entitled to judgment as a matter of law. Accordingly, the Defendants' motion will be granted.

I. PROCEDURAL HISTORY

The Plaintiffs filed this action in the Clay Circuit Court on March 19, 2004. In relevant part, the Plaintiffs' Complaint contains the following claims and assertions:

> 6. On or about March 21, 2003, a vacant structure located on the property on Highway 80, Hima, Kentucky, owned and insured by the Defendants named herein caught fire. Said structure fire caused the home of the Plaintiff, Myrtle Shoupe Harris, to catch fire and burn also. The property (structure and land) owned by the Defendants, Chase Manhattan and/or JP Morgan, was obtained by

---

[1] As explained more fully below, resolution of the claims asserted against the Defendants who have moved for summary judgment effectively disposes of the remaining claims asserted against Defendants Liberty Mutual Fire Insurance Co. and Crawford & Company. Likewise, because the claims asserted against the newly-added Third Party Defendant Prudential California Reality are based upon common law contribution and indemnity and statutory apportionment, they will also be dismissed, without prejudice, as moot.

>a Master Commissioner Deed on or about February 6, 2003, and conveyed to said Defendants, State Street, formerly known as Bankers Trust Company of California, N.A., as custodian or trustee c/o Chase Manhattan Mortgage Corporation, and insured by JP Morgan Chase through Liberty Mutual Fire Insurance Company. Said property had remained vacant since the conveyance of February 6, 2003, and was known to have been broken into by juveniles and/or adults many times and was an attractive nuisance. The property was insured by an insurance policy obtained through a subsidiary of Liberty Mutual Group, Liberty Mutual Fire Insurance Company.
>
>***** ***** *****
>
>8. That on or about March 21, 2003, said structure fire of the house located on the property owned by the Defendants named herein, which was located adjacent to the home owned by the Plaintiff, Myrtle Shoupe Harris, caused the home of the Plaintiff, Myrtle Shoupe Harris, to catch fire, thereby totally destroying said dwelling as well as all personal property located therein, owned by the Plaintiff, Eddie Harris.
>
>***** ***** *****
>
>11. The Defendants' negligence in creating an attractive nuisance and fire hazard on its property was the direct and proximate cause of the structure fire on the Defendants' property referred to herein and resulted in the loss suffered by the Plaintiffs.

[Record No. 1; attached Complaint] The Plaintiffs also asserted claims against Defendant Liberty Mutual for the alleged wrongful failure to settle their claims.

On April 8, 2004, the Defendants originally named in this action filed a Notice of Removal with this Court. [Record No. 1] Following removal, the Plaintiffs amended their Complaint to assert claims against the actual owner of the property, Deutsche Bank National Trust Company, and to add an additional party, Crawford & Company. According to the Plaintiffs, Crawford & Company was joined as a necessary party to this litigation because it was

responsible for adjusting the claim filed with the insurer of the Defendant's property, Liberty Mutual. The Court granted the Plaintiffs' motion to amend on July 13, 2004. [Record No. 9]

By separate Orders, the Court granted Defendants Liberty Mutual and Crawford & Company's motions to stay discovery on the bad faith claims. [Record Nos. 21, 22] Discovery then proceeded without any noteworthy difficulties. On June 23, 2005, the Court granted the parties' request for additional time to provide expert witness information. The Amended Scheduling Order entered on that date also extended through December 30, 2005, the discovery deadline as well as the deadline for adding additional parties. [Record No. 36]

On December 1, 2005, Defendants J.P. Morgan Chase and Chase Manhattan Mortgage Corporation sought (and subsequently obtained) leave to file a Third Party Complaint against Prudential California Realty. [Record Nos. 40, 44] Through their Third Party Complaint, the Defendants sought to obtain contribution and/or indemnity against Prudential in its capacity as property manager for the Defendant's property should they ultimately be found to be liable to the Plaintiffs. In addition, the Third Party Plaintiffs asserted a claim for statutory apportionment pursuant to KRS § 411.182. [Record No. 40]

On December 23, 2005, Defendants J.P. Morgan Chase, Chase Manhattan Mortgage Corporation, and Deutsche Bank National Trust Co. moved the Court to enter summary judgment in their favor. In support, the Defendants asserted that no facts were presented in discovery to establish that the early morning fire which destroyed the Plaintiffs' property on March 21, 2003, could be tied to an earlier fire on the Defendant's property. Pursuant to Rule 7.1 of the Local Rules for the United States District Courts for the Eastern and Western District

of Kentucky, the Plaintiff was given fifteen (15) days to respond to this motion. However, as of this date, no response has been filed and no request for an extension of time has been sought. Therefore, the Defendants' motion is ripe for review.[2]

**II.     RELEVANT FACTS**

This case involves two fires occurring during the early morning hours of March 21, 2003, on adjacent properties owned by Defendant Deutsche Bank and Plaintiff Myrtle Shoupe Harris. Deutsche Bank, formerly known as Banker's Trust, had acquired its property in a foreclosure sale on February 6, 2003. At the time of the fire, this property was vacant and the electric and gas had been turned off. Sometime prior to 1:30 a.m., a neighbor (Dennis Swafford) observed the first fire on the Defendant's property. Mr. Swafford testified during his deposition that he did not see any suspicious persons on the property prior to, during, or after he first noticed the fire. Likewise, he has no information regarding the fire's origin.

The Manchester Fire Department was dispatched to the Defendant's property at approximately 1:31 a.m. and arrived about ten minutes later. Upon arrival, members of the fire department found that the structure owned by the Defendants was completely engulfed in flames. Charles Weaver is the Fire Chief of the Manchester Fire Department and was at the scene of the fire on the morning of March 21st. Although he is a trained arson investigator, Chief Weaver testified that he has been unable to determine the cause of either fire.

---

[2] The Local Rules also provide that the failure to file an opposing memorandum may be grounds for granting the motion. See LR 7.1(c)(1). Opposing memoranda are particularly helpful in addressing motions for summary judgment because the Court is not required to search the record in an effort to locate a factual issue which would be grounds for denying the motion.

After extinguishing the fire on the Defendant's property, the Manchester Fire Department sprayed neighboring buildings with water as a precautionary measure. The department then left the scene. At that time, the Plaintiff's residence on the adjoining tract was not on fire. However, at approximately 4:47 a.m., the department received a call concerning a fire in the same area. At 4:54 a.m., the fire department arrived at the Plaintiff's property to find it completely engulfed in flames. (The Plaintiff's residence was located approximately 50 to 60 feet from the structure on the Defendant's property.) As a result of the second fire, the residence and contents were completely destroyed. According to Chief Weaver, the two fires could have been the result of two independent causes or two instances of arson. Likewise, it is possible that the second fire was somehow related to the first, but no evidence of any connection has been presented by the parties or witnesses.

The Defendants contend that the only evidence the Plaintiffs have offered to support their claims that the Defendants are responsible for their fire loss is: (i) the close proximity of the two properties and (ii) the fact that the fire on their property occurred a short time after the fire on the Defendant's property. Further, the Plaintiffs have not identified any expert witness who can testify that the fires are causally related.

### III.    LEGAL ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A

dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Keeneland Ass'n, Inc. v. Earnes*, 830 F.Supp. 974, 984 (E.D.Ky. 1993), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002).

Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* ; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). Rather, the nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it seeks to rely to create genuine issues of material fact. *Id.* In making this determination, the Court must review all the facts and

the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Here, the Defendants have presented evidence indicating that the Plaintiffs cannot meet their burden of proof under Kentucky law. In a case such as this, Kentucky law requires that a plaintiff offer evidence that establishes "a causal relationship between the [alleged] negligence and the fire which resulted in a loss to the [Plaintiffs]." *Kentucky Power Co. v. Combs*, 305 S.W.2d 105, 106 (Ky. 1957). The proof of negligence must not be speculative or based on conjecture. *Id.* at 106. As the court observed in *Smith v. Kentucky-West Virginia Power Co.*, 283 S.W.2d 376 (Ky. 1955), "fires and their origin are of a mysterious character and it is not within the province of a jury or court to speculate as to their beginnings." *Id.* at 378.

While the Plaintiffs have asserted that the Defendant's property was an "attractive nuisance" which was often vandalized, they have offered no proof in support of this claim. Likewise, they can only speculate that the fire on their property was connected to the earlier fire on the Defendant's property. As the Defendants point out, it is equally plausible that Plaintiff's fire could have resulted from an act of God, a separate act of arson, or some other cause totally unrelated to the Defendants. To assume otherwise would require the Court to engage in sheer conjecture. Inasmuch as the Plaintiff has not identified any witness – expert or otherwise – who can connect the fire on the Plaintiff's property with the early fire on the Defendant's property, it would be inappropriate allow this matter to proceed any further.

Because the Plaintiff has not offered any proof that the Deutsche Bank is liable for their property loss, they cannot establish a claim of bad faith or a violation of the Unfair Claims

Settlement Practices Act against the bank's insurer (Liberty Mutual Fire Insurance Co.) or the adjustor for the claim (Crawford & Company). Likewise, disposition of the underlying claim against the moving Defendants moots the claims of contribution, indemnity and statutory apportionment asserted against the Third Party Defendant. Therefore, those claims will be dismissed as moot and a final and appealable judgment will be entered as to all parties.

### IV. CONCLUSION

Based on the foregoing discussion and analysis, it is hereby **ORDERED** as follows:

1. The motion for summary judgment filed by Defendants J.P. Morgan Chase, Chase Manhattan Mortgage Corporation, and Deutsche Bank National Trust Co., formerly known as Bankers Trust Company of California, N.A., as custodian or trustee c/o Chase Manhattan Mortgage Corp., [Record No. 43] is **GRANTED**.

2. The claims asserted in this action by the Plaintiffs against all Defendants are **DISMISSED**, with prejudice.

3. The claims asserted in this action against Third Party Defendant Prudential California Realty are **DISMISSED,** without prejudice, as moot.

4. A separate Judgment will be entered this date.

This 19th day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge